**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER EUGENE THOMAS, | No. 17-16588 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03559-JJT-MHB |
| v. | |
| CHARLES L. RYAN, Warden, named as: Charles Ryan - Director, Arizona Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Christopher Eugene Thomas appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-

courts claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Thomas' access-to-courts claim relating to defendants' submission of allegedly false information and concealing of material facts in CV 12-01719-PHX-FJM, because Thomas failed to allege facts sufficient to show that defendants caused actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

Dismissal of Thomas' access-to-courts claim relating to CV 16-01109-PHX-JJT was proper because Thomas cannot show actual injury given that the operative complaint in CV 16-01109-PHX-JJT was dismissed without prejudice and Thomas was able to refile that claim in the instant action. *See id.*

The district court did not abuse its discretion by dismissing the complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying Thomas' motion for appointment of counsel because Thomas failed to demonstrate exceptional

17-16588

circumstances.  *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting

forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**